638

Joe Karsh, Complainant, v. Isaac Glicksberg et al.,
Appellees.
Appeal of Cody Trust Company, Intervening Peti-
tioner, Appellant.

Gen. No. 36,324.

Opinion filed March 6, 1933.   Rehearing denied March 20, 1933.

DEFREES, BUCKINGHAM, JONES & HOFFMAN, for ap-
pellant; VINCENT O'BRIEN and THOMAS R. MULROY, of
counsel.

No appearance for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the
court.

By this appeal the Cody Trust Company, the intervenor, seeks to reverse an order entered by the superior court of Cook county, June 24, 1932, denying the prayer of its petition for a writ of assistance.

The record discloses that December 2, 1931, Joe Karsh filed his bill to foreclose a second mortgage on real estate and for the appointment of a receiver. The mortgagors, Isaac M. Glicksberg and Jennie Glicksberg, his wife, as well as other persons, were made parties defendant. The bill alleged that the premises were improved by a large building capable of yielding a large income by way of rental, and there were other allegations tending to show the necessity for the appointment of a receiver. December 4, 1931, an order was entered appointing a receiver.

April 30, 1932, the Cody Trust Company, as trustee of a prior trust deed on the property, filed its intervening petition and it was alleged that the trust deed was given by the Glicksbergs to secure an indebtedness of $45,000 on the same property. The petitioner set up certain defaults under the trust deed, alleged the appointment of the receiver, and averred that on account of such appointment it was unable to obtain the rents derived from the premises as it was entitled to under the trust deed. The prayer was that the receiver and all parties in possession of the premises surrender possession to the petitioner, the Cody Trust Co., as trustee.

Joe Karsh, complainant, filed an answer to the petition denying that the Cody Trust Co. was entitled to possession of the real estate. May 20, 1932, an order was entered in which the chancellor found that the allegations of the petition were true; that the trust deed represented by the Cody Trust Co., the intervenor, was a valid lien on the premises; that there was default in the payment of the indebtedness secured by that trust deed; that by reason of such default the

intervenor was entitled to the possession of the premises, and to the rents, issues and profits derived therefrom, and it was ordered that the receiver and all parties "who may be in possession of the premises . . . forthwith surrender possession thereof to Cody Trust Company, as Trustee"; the receiver was ordered to file his final report within five days and that upon the coming in of the report and the approval of it, the net rents be turned over by the receiver to the Cody Trust Co., as trustee.

June 18, 1932, the Cody Trust Co., as trustee, filed another petition in which it set up the order above mentioned; that it had made a demand for possession upon the parties in possession of the premises in accordance with that order but that the defendants Isaac M. Glicksberg, who occupied the first floor apartment of the premises, and Hyman C. Kadison, who occupied the third floor apartment of the premises, refused to surrender possession; that these two persons were made parties defendant, served with summons, filed their appearance in the cause, and were notified of the application for the order upon them to surrender possession to the Cody Trust Co., as trustee. The petition prayed that a writ of assistance issue directed to the sheriff, and that the sheriff without delay proceed to put the petitioner in possession of the part of the premises occupied by Glicksberg and Kadison.

June 24, 1932, an order was entered denying the prayer of the petition for the writ of assistance, and it is from this order that the Cody Trust Co., as trustee, appeals.

No brief has been filed on behalf of Glicksberg or Kadison. In support of its appeal, the Cody Trust Co. contends that the order of May 20, 1932, determined its right to possession of the premises and therefore it was entitled, as a matter of course, to the writ of assistance to enforce the order. We think this conten-

tion cannot be sustained. While the court by its order of May 20 ordered that all parties in possession deliver up possession of the premises to the Cody Trust Co., as trustee, that the receiver file his report, and upon its approval the net proceeds of the rent be turned over to it by the receiver, the effect of this was that the Cody Trust Co., as trustee, was entitled to receive the rents derived from the premises. It was the duty of the Cody Trust Co., as trustee, under the allegations of its petition to endeavor to collect all the rents and profits it could from the premises so as to reduce the indebtedness (*Lightcap v. Bradley,* 186 Ill. 510) but in the absence of any showing that Glicksberg and Kadison were objectionable as tenants, or that they refused to pay rent to the trustee, we are unable to say that the order denying the writ of assistance was unwarranted.

The order of the superior court of Cook county appealed from is affirmed.

*Order affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.